right to counsel. The defendant testified that he had not been so advised and his credibility as to that point was in issue. It appears from the record that before deciding the issue of fact presented, the Trial Justice may have examined a probation report prepared for and submitted to the sentencing Judge upon a 1936 conviction against this same defendant. At least we cannot say from the record that such examination was not made. The inference is that it was. This probation report was not offered in evidence nor made a part of the record. Furthermore, if the Trial Justice was to examine this report, prior notice should have been given to the defendant with an opportunity to object to this highly questionable document. The record should be made clear as to whether it was considered or not. Upon the argument of the appeal there was handed up to the court by the appellant, without objection by the People, an affidavit of Hon. SAMUEL J. HARRIS, the sentencing Justice, which indicated that the defendant was not represented by counsel at the time of sentence. This was not before the Trial Justice. In view of the fact that this case presents a close question of fact, we feel that there should be a new hearing at which Justice HARRIS could be produced by either party and his testimony taken. All concur. (Appeal from an order of Erie Special Term, denying defendant's motion in nature of writ of error *coram nobis* to set aside conviction of burglary third degree, rendered September 11, 1928.) Present — McCurn, P. J., Vaughan, Kimball, Williams and Bastow, JJ.

■ LEONARD LUDIAN, Plaintiff, v. ALLSTATE INSURANCE COMPANY, Defendant.— Submitted controversy determined in favor of the plaintiff and plaintiff granted judgment against defendant in the sum of $585, together with printing costs and disbursements. All concur. (Submitted controversy on an agreed statement of facts under sections 546 to 548 of the Civil Practice Act filed in Monroe County Clerk's office April 10, 1957. The action is under an insurance policy to recover interest on a judgment.) Present — Vaughan, J. P., Kimball, Williams, Bastow and Goldman, JJ.

■ BERNARD McDERMONT, Plaintiff, v. ALLSTATE INSURANCE COMPANY, Defendant.— Submitted controversy determined in favor of the plaintiff and plaintiff granted judgment against defendant in the sum of $585, together with printing costs and disbursements. All concur. (Submitted controversy on an agreed statement of facts, under sections 546 to 548 of the Civil Practice Act filed in Monroe County Clerk's office April 10, 1957. The action is under an insurance policy to recover interest on a judgment.) Present — Vaughan, J. P., Kimball, Williams, Bastow and Goldman, JJ.

■ BERNARD MURPHY, Respondent, v. GORDON M. FREEMAN, Individually and as President of the International Brotherhood of Electrical Workers, Defendant, and CECIL J. O'NEILL, Individually and as President of Local No. 1339, International Brotherhood of Electrical Workers, et al., Appellants.— Order affirmed, with $10 costs and disbursements. All concur. (Appeal from an order of Erie Special Term, denying defendants' motion to dismiss plaintiff's complaint.) Present — Vaughan, J. P., Kimball, Williams, Bastow and Goldman, JJ.

■ OLGA O'GRADY, as Administratrix of the Estate of JOHN G. O'GRADY, Deceased, Respondent, v. CITY OF FULTON, Appellant.— Judgment and order affirmed, with costs. All concur, except Vaughan, J. P., who dissents and votes for reversal and for granting a new trial unless the plaintiff stipulates to reduce the verdict to the sum of $20,000, and Williams, J., who dissents and votes for reversal and for granting a new trial on the ground that the verdict is against the weight of evidence. (Appeal from a judgment of Oswego Trial Term for plaintiff in an action for damages for death of plaintiff's